Filed 4/26/22  P. v. Bonilla CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NEFTALI BONILLA,<br><br>    Defendant and Appellant. | F080754<br><br>(Super. Ct. No. VCF284150)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Catherine Chatman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Poochigian, Acting P. J., Franson, J. and Peña, J.

## INTRODUCTION

In 2014, a jury found petitioner Neftali Bonilla guilty of the second degree murder of J.G. (Pen. Code,[1] § 187, subd. (a)), and found gang and firearm enhancements to be true (§§ 186.22, subd. (b), 12022.53, subds. (d), (e)(1)).  The trial court sentenced petitioner to an aggregate term of 40 years to life.

In 2020, petitioner filed a petition for resentencing pursuant to section 1170.95.  The trial court summarily denied the petition on the ground petitioner is ineligible for relief.  The court did not provide a further statement of reasons.

Petitioner contends the trial court erred in failing to appoint counsel to represent him on the petition and in failing to provide a statement of the evidence relied upon in its ruling, and further argues these errors were prejudicial.  We agree the court erred in disposing of the petition without appointing counsel.  Additionally, section 1170.95 now requires a court to provide a statement setting forth its reasons for denying the petition. (§ 1170.95, subd. (c).)  However, we conclude these errors were not prejudicial because the record of conviction establishes petitioner is ineligible for resentencing as a matter of law.  Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying petitioner's conviction may be summarized briefly as follows.[2]  Petitioner was a member of the South Side Kings, a subset of the Sureño gang. On June 6, 2013, a Sureño gang member was hit by gunfire during a drive-by shooting. The next night, several Sureño gang members, including petitioner, encountered J.G., who was a member of the North Side Visas, a subset of the Norteño gang.  J.G. was shot

---

[1] Undesignated statutory references are to the Penal Code.

[2] We summarize the facts as stated in our opinion in petitioner's direct appeal. (*People v. Bonilla* (Sept. 12, 2016, F070035) [nonpub. opn.] (*Bonilla*).)  We provide these facts because they were recited by both parties in their briefing.  However, we do not rely on this factual summary in resolving the issues presented in this appeal.  (See § 1170.95, subd. (d)(3).)

to death by the group of Sureños. Petitioner admitted to police that he fired one shot at the victim, but later recanted this statement. (*Bonilla*, *supra*, F070035.)

On March 4, 2014, the Tulare County District Attorney filed a first amended information charging petitioner with the murder of J.G. (§ 187, subd. (a); count 1), with a gang-related special circumstance (§ 190.2, subd. (a)(22)), and gang and firearm enhancements (§§ 186.22, subd. (b)(5), 12022.53, subds. (c), (d), (e)(1)). The information also alleged petitioner had been convicted of two prior strike offenses (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(i)), and presented various allegations regarding petitioner's status as a minor at the time of the offense (Welf. & Inst. Code, § 707, former subd. (d)(1), (d)(2)(A), (d)(2)(C)(ii)).

On March 5, 2014, a jury found petitioner not guilty of first degree murder, but guilty of the lesser offense of second degree murder (§ 187, subd. (a)). The jury also found true the gang and firearm enhancements (§§ 186.22, subd. (b), 12022.53, subds. (d), (e)(1)). The remaining allegations were dismissed. On September 4, 2014, the trial court sentenced petitioner to a term of 15 years to life for the murder, with an additional term of 25 years to life for the firearm enhancement, for an aggregate term of 40 years to life. (*Bonilla*, *supra*, F070035.) On September 12, 2016, this court affirmed the judgment. (*Ibid.*)

On January 14, 2020, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He further averred that he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of

3.

the crime, and the victim was not a peace officer in the performance of his or her duties. He also declared there was a prior determination by a court or jury that he was not a major participant and/or did not act with reckless indifference to human life. Finally, he requested counsel be appointed to represent him on the petition.

On the same day, the trial court summarily denied the petition in a handwritten order, stating, "The Petition is denied. A review of the court file indicates the Petitioner is not entitled to relief." On January 27, 2020, the court issued a typewritten order denying the petition on the same ground.

This timely appeal followed.

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual

4.

killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[3]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above."  (*Gentile*, at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

---

[3] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b)

6.

of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.     Appointment of Counsel

Petitioner contends the trial court erred in failing to appoint counsel.

At the time the trial court ruled on the petition, our Supreme Court had not resolved whether section 1170.95 requires the appointment of counsel or further briefing immediately upon the filing of a facially sufficient petition. (See *Lewis*, *supra*, 11 Cal.5th at pp. 961-967.) However, both our Supreme Court and Legislature have since clarified that counsel must be appointed if requested, and briefing must proceed, so long as the petition complies with the requirements of section 1170.95, subdivision (b)(1) and (2). (§ 1170.95, subd. (b)(3); accord, *Lewis*, at pp. 962-963, 967.) Here, the People do not suggest the petition failed to meet the requirements of section 1170.95, subdivision (b). Accordingly, appointment of counsel and a full opportunity for briefing were required by section 1170.95, subdivisions (b)(3) and (c). (See *Lewis*, at pp. 961-963, 967.) The trial court's failure to follow these procedures constitutes error under the law, as amended.

## III.     Statement of Reasons

Petitioner contends the trial court was required to provide a statement setting forth the basis for its ruling to ensure meaningful appellate review.

As stated, section 1170.95 was amended after the trial court ruled on the petition. Section 1170.95, subdivision (c) now provides, "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

7.

Accordingly, we are compelled to agree with petitioner that section 1170.95 requires a trial court to provide a statement of reasons when denying a petition at the prima facie stage. The trial court's failure to do so constitutes error under the law, as amended.

## IV. Prejudice

Because the trial court erred in failing to appoint counsel and in failing to provide a statement of reasons for its decision, we may affirm only if petitioner was not prejudiced by the errors. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) As we explain, we conclude petitioner was not prejudiced because the record establishes he is ineligible for resentencing as a matter of law.

To be eligible for relief pursuant to section 1170.95, petitioner must have been convicted of felony murder or murder under a natural and probable consequences theory or other theory of imputed malice. (§ 1170.95, subd. (a); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.) However, the record of conviction reflects petitioner was not convicted under such theories. The jury was instructed on the elements of both first and second degree murder with malice aforethought, but was not instructed on felony murder or murder under a natural and probable consequences or other imputed malice theory. To the contrary, the trial court specifically declined to instruct the jury on a natural and probable consequences theory of murder. The prosecution argued petitioner was guilty of murder as a direct aider and abettor who acted with at least implied malice. The prosecution did not argue petitioner was guilty of felony murder or murder under a natural and probable consequences or other imputed malice theory. These theories were not presented to the jury and there is therefore no possibility the jury found petitioner guilty under such theories. Because petitioner was not convicted of felony murder or murder under a natural and probable consequences or other imputed malice theory, he is ineligible for resentencing as a matter of law. (§ 1170.95, subd. (a).) He therefore was not prejudiced by the court's summary denial of the petition without appointing counsel. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.)

Nonetheless, petitioner argues the jury instructions on causation and implied malice allowed him to be convicted under a natural and probable consequences theory. The challenged instruction on causation provided:

> "An act causes the death of J.G. if the the [*sic*] death of J.G. is the direct, *natural, and probable consequence* of the act and the the [*sic*] death of J.G. would not have happened without the act. A *natural and probable consequence* is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is *natural and probable*, consider all the circumstances established by the evidence." (First and third italics added.)

The challenged instruction on implied malice provided, in relevant part, that petitioner acted with implied malice if:

> "1. He intentionally committed an act; [¶] 2. *The natural and probable consequences of the act were dangerous to human life*; [¶] 3. At the time he acted, he knew his act was dangerous to human life; [¶] AND [¶] 4. He deliberately acted with conscious disregard for human life." (Italics added.)

Although the "natural and probable consequences" language of these instructions is seemingly similar to the natural and probable consequences doctrine, these are two "distinctly different concepts." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at p. 967; accord, *People v. Chiu* (2014) 59 Cal.4th 155, 158, abrogated on another ground by Sen. Bill No. 1437 (2017-2018 Reg. Sess.).) A direct aider and abettor to murder must at least share the mens rea of the actual perpetrator, i.e., express or implied malice. (*Soto*, at p. 1057.) "For implied malice murder, [the requisite] intent is that the perpetrator ' "knows that his conduct endangers the life of another and . . . acts with conscious disregard for life." ' [Citation.] The 'physical component' required for implied malice murder 'is satisfied by the performance of "an act, the natural consequences of which are dangerous to life." ' " (*Id.* at p. 1058.) In contrast, an accomplice whose liability for murder is premised on the natural and probable consequences doctrine "need only intend to aid a different, less

serious 'target' crime," the natural and probable consequence of which is murder. (*Id*. at p. 1057.) Here, the jury was not instructed on the natural and probable consequence doctrine or any target crime upon which murder based on a natural and probable consequences theory could be predicated. The "natural and probable consequences" language of the causation and implied malice instructions did not transform petitioner's murder conviction as a direct aider and abettor into one under the natural and probable consequences doctrine. (*Id.* at pp. 1058-1059.)

Because petitioner was not convicted of felony murder or murder under a natural and probable consequences or other imputed malice theory, he is ineligible for resentencing as a matter of law. We therefore conclude there is no reasonable probability petitioner would have been afforded an evidentiary hearing had he been represented by counsel, and the court's error in failing to follow the procedures set out in section 1170.95, subdivision (c) was harmless. (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974.)

## **DISPOSITION**

The order is affirmed.

10.